UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

MICHAEL R. MIHALJEVIC and : Case No. 03-26725T
JULIE L. MIHALJEVIC,
    *Debtor(s)* :

---

:

MICHAEL J. SEMINARA, :
    *Plaintiff(s)*
:

    *v.* Adv. No. 04-2158

:

MICHAEL R. MIHALJEVIC and
JULIE L. MIHALJEVIC, :
    *Defendant(s)*
:

**<u>ORDER</u>**

AND NOW, this 20th day of January, 2006, it is ORDERED that JUDGMENT ON THE COMPLAINT IS ENTERED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF as the Court finds that Plaintiff failed to meet his burden of establishing that Defendants should be denied a discharge under 11 U.S.C. §727(a)(2), (3), (4) or (7). <u>See</u> Fed. R. Bankr. P. 4005; <u>Collier on Bankruptcy</u>, 15th Ed. Rev., ¶727.01[2] at 727-8; <u>Harris v. Dawley</u> (<u>In re Dawley</u>), 312 B.R. 765, 782 (Bankr. E.D. Pa. 2004); <u>Carter Engineering Co., Inc. v. Carter</u> (<u>In re Carter</u>), 236 B.R. 173, 182 (Bankr. E.D. Pa. 1999); <u>Kane v. Goodman</u> (<u>In re Goodman</u>), 227 B.R. 626, 630 (Bankr. E.D. Pa. 1998); <u>see</u> also <u>Georges v. Georges</u> (<u>In re Georges</u>), 138 Fed. Appx. 471, 472 (3rd Cir. 2005)(the party objecting to discharge has the burden of proof by a preponderance of the evidence); <u>Rosen v. Bezner</u>, 996 F.2d 1527, 1531 (3rd Cir. 1993)(all section 727 objections are to be construed liberally

in favor of the debtor).[1]

Reading, PA

THOMAS M. TWARDOWSKI<br>United States Bankruptcy Judge

---

1. Specifically, we find that Plaintiff failed to establish that Defendants, with intent to hinder, delay or defraud a creditor or an officer of the estate, transferred, removed, destroyed, mutilated or concealed tools or the pickup truck in question either within one year of the filing of this bankruptcy petition or during the pendency of this bankruptcy case, see 11 U.S.C. §727(a)(2), (7). We also find that Plaintiff failed to establish that Defendants concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information from which Defendants' financial condition or business transactions might be ascertained, see 11 U.S.C. §727(a)(3), (7). Finally, we find that Plaintiff failed to establish that Defendants knowingly and fraudulently, in or in connection with the case, made a false oath or account, presented or used a false claim, or withheld from an officer of the estate any recorded information relating to Defendants' property or financial affairs, see 11 U.S.C. §727(a)(4), (7).